NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50268 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-00315-BEN |
| v. | |
| IVAN MARTINEZ-RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 18, 2017[**]

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Ivan Martinez-Ramirez appeals from the district court's judgment and

challenges the 12-month sentence imposed upon his revocation of supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez-Ramirez contends that the district court procedurally erred and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated his due process rights by failing to notify him at sentencing for the underlying offense that he could receive an above-Guidelines sentence for violating the terms of his supervised release. The record does not support this contention. At his sentencing on his underlying offense, Martinez-Ramirez received notice of all of the conditions of his supervised release and the district court informed him of the possible penalties for violating those conditions.

Martinez-Ramirez next argues that the district court did not explain the upward variance adequately. This argument is also belied by the record, which reflects that the court sufficiently explained its reasons for the sentence by reference to appropriate considerations. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Martinez-Ramirez finally claims that his sentence is substantively unreasonable because the one-third upward variance from the Guidelines range was not warranted. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and

the totality of the circumstances, including Martinez-Ramirez's lengthy period of noncompliance. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-50268